**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **JEAN WILLIAMSON,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-773-KC** |
| | § | |
| **PAM BONDI et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**SHOW CAUSE ORDER**

On this day, the Court considered Jean Williamson's Motion to Proceed in Forma Pauperis ("Motion"), ECF No. 1, and Petition for a Writ of Habeas Corpus, ECF No. 1-1.

**I.    MOTION TO PROCEED IN FORMA PAUPERIS**

Williamson requests that the Court allow him to proceed in Forma Pauperis ("IFP") and waive the filing fee for his Petition. *See* Mot. 1.

To determine whether a litigant qualifies for IFP status, "the central question is whether the movant can afford the costs of proceeding without undue hardship or deprivation of the necessities of life." *Ayers v. Tex Dep't of Crim. Just.*, No. 96-cv-10614, 1995 WL 696702, at *1 (5th Cir. Oct. 19, 1995) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). Absolute destitution is not required. *Id.* In making this determination, courts consider factors such as the movant's present assets, reasonably anticipated income, and necessary living expenses. *Roden v. Texas,* No. 94-cv-10808, 1995 WL 371022, at *2 (5th Cir. June 2, 1995). Williamson has no income, savings, or assets. Mot. ¶¶ 2–5. He has also been in immigration detention for almost nine months. *See* Pet. ¶ 22. Williamson has thus made the requisite

showing that he is unable to afford the costs of the proceeding and qualifies for IFP status. *See Ayers*, 1995 WL 696702, at *1.

## II.    PETITION FOR A WRIT OF HABEAS CORPUS

Williamson is detained at the El Paso Service Processing Center in El Paso, Texas. Pet. ¶ 2. He argues that his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* ¶¶ 26–38; *id.* at 7.

Williamson, a citizen of Haiti, was paroled into the United States in October 2022 through the "MPP program." *Id.* ¶¶ 15–16. He subsequently applied for asylum and was given employment authorization. *Id.* ¶ 18. On June 25, 2025, he was detained by immigration authorities after he was released from county jail for a misdemeanor for driving while intoxicated. *Id.* ¶¶ 21–22. Apart from his misdemeanor conviction, as alleged, Williamson's case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 674–88 (W.D. Tex. 2025). Of course, Respondents are nevertheless permitted to state their position before a ruling. In doing so, Respondents are encouraged to avoid boilerplate arguments that this Court has already rejected. Absent new authority, they may assume that the Court's position on the law has not changed and explain whether the facts of Williamson's case warrant a different outcome.

Accordingly, the Court determines that Respondents must show cause why the Court should not grant Williamson the relief he seeks by March 26, 2026.

## III.    CONCLUSION

Accordingly, it is **ORDERED** that Williamson's Motion, ECF No. 1, is **GRANTED**.

**IT IS FURTHER ORDERED** that Respondents shall **SHOW CAUSE** by <u>no later than</u> <u>March 26, 2026</u>, why the application for a writ of habeas corpus should not be granted.  *See* *Lopez-Arevelo v. Ripa*, No. 3:25-cv-337-KC, 2025 WL 3254930, at \*2 & n.1 (W.D. Tex. Aug. 26, 2025).  The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through their counsel.  *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

**SO ORDERED**.

**SIGNED this 19th day of March, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

3